**Brian Grossman** | Attorney     shipkevich     Shipkevich PLLC
One Liberty Plaza
165 Broadway, Suite 2300
New York, NY 10006

p. 212-252-3003  f. 888-568-5815
www.shipkevich.com

*11-15-19*

November 13, 2019

**Via ECF**
Honorable John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, New York 10007

*Conference scheduled for 11/26/19 @ 4:30 / So ordered. 11/15/19 /s/ 6[Koeltl] / 4 S.D.*

Re:     *Martin, et al. v. Wagner, et al.*; 1:19-cv-02281-JGK

Judge Koeltl:

I represent the Plaintiffs Justin Martin and MB Energy LLC ("Plaintiffs") in the above-referenced matter. I write pursuant to Your Honor's Individual Rules of Practice and Local Rule 37.2 to request a pre-motion conference before moving to compel the depositions of Defendants Joseph Wagner ("Wagner") and Joseph A. Wagner, CPA, PLLC ("JAW," together with Wagner "Defendants"). Plaintiffs attempted to have a good faith meet and confer with Defendants, including by emailing Defendants last week and emailing and calling Defendants this week but Defendants did not respond to any of Plaintiffs' attempts to communicate.

### Previous Issues with Discovery and Defendants' Initial Deposition Date

On July 17, 2019, Plaintiffs served Defendants with requests for production and interrogatories. After not hearing back from Defendants, Plaintiffs emailed Defendants to remind them of the August 16, 2019, due date for Plaintiffs' discovery requests and asked the Defendants to identify the custodians and search terms they would be using for the same. Plaintiffs again followed up on August 6, 2019, and August 13, 2019, and on August 13, requested the entry of a confidentiality order in this case. Later, on August 13, 2019, Defendants finally responded agreeing to the entry of a confidentiality order, attaching notices of depositions and discovery requests, informing Plaintiffs that only Wagner was a custodian of documents,[1] and identifying general searches Defendants would be doing. The next day, Plaintiffs responded and asked Defendants to specify the searches they would be running.

On August 16, 2019—the day that responses to Plaintiffs' requests were due—Defendants called Plaintiffs to request a 30-day extension for interrogatories and a two-week extension for responses to document requests. Plaintiffs counsel agreed to the extension so long as Defendants began a rolling production of documents the following week. Two weeks later, on August 30,

---

[1] It has later been determined unilaterally by Plaintiffs that there are in fact other custodians of documents based on Defendants' production to date, despite Defendants never identifying anyone else.

2019, Plaintiffs emailed Defendants to follow up as there had been no production made to date and Plaintiffs requested a call with Defendants for the following week. On September 3, 2019, after not receiving any response to Plaintiffs' initial request for a call the following week, Plaintiffs again followed up with Defendants regarding the production of documents. After still not hearing from Defendants, on September 9, 2019, Plaintiffs sent Defendants a letter outlining all of the above and reminding Defendants that a deposition of their client was currently scheduled for September 12, 2019, and that Plaintiffs were considering going forward with the deposition despite Defendants refusing to produce any documents, as Defendants had not objected to or informed Plaintiffs of any conflicts preventing Wagner from sitting for a deposition three days later. (Letter from Brian L. Grossman to Peter Seiden, Esq., dated September 9, 2019, attached hereto as Exhibit A.)

Later that same day, Defendants responded via letter that "the deposition of Joseph A. Wagner, CPA will not proceed September 12, 2019 as Mr. Wagner and our firm are both unavailable, and counsel can agree upon firm scheduled deposition dates for all parties following the completion of paper discovery."

### Wagner's Currently Unscheduled Deposition

Despite Plaintiffs not being required to await "the completion of paper discovery," Defendants have refused to even discuss deposition dates for Wagner and have wholly ignored emails and calls regarding Wagner's availability. Indeed, Plaintiffs initially attempted to depose Wagner on September 12, 2019, nearly a month after the discovery requests Plaintiffs issued to Wagner were initially due. Following Defendants' notice—three days before the scheduled deposition—that Wagner would not be sitting for his scheduled deposition, on October 10, 2019, Plaintiffs emailed Defendants asking to reschedule Wagner's deposition.

Since October 10, 2019, Plaintiffs have followed up with Defendants on eight occasions via email (Email Chain, attached hereto as Exhibit B) and twice via phone on Tuesday November 12, 2019, and Wednesday November 13, 2019, leaving voicemails both times as well as call back numbers requesting to speak about scheduling Wagner's deposition and needing to move to compel the same. Indeed, Defendants have wholly ignored Plaintiffs' requests for possible deposition dates from Wagner, choosing instead to produce documents in that very same email chain while refusing to even respond to Plaintiffs' requests for available dates for Wagner's deposition.

Plaintiffs believe that they have no other option but to involve the Court at this point. As such, Plaintiffs request that the Court order a pre-motion conference regarding the potential motion to compel Defendants' deposition.

Respectfully submitted,

Brian L. Grossman

cc:   counsel of record (via ECF)